# EXHIBIT No. 11

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE IN AND
FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **CATHY BURKETT-WOOD and** | ) | |
| **CALBEL WOOD, her** | ) | |
| **husband,** | ) | |
| | ) | C.A. No. 02C-10-263-CLS |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **THERESA HAINES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

On Plaintiffs' Motion to Exclude the Expert Testimony of Bradley Probst.
**GRANTED.**

## <u>MEMORANDUM OPINION</u>

Michael I. Silverman, Esquire, Silverman McDonald & Friedman,
Wilmington, Delaware, Attorney for Plaintiffs.

Stephen P. Casarino, Esquire, Casarino, Christman & Shalk, P.A.,
Wilmington, Delaware, Attorney for Defendant.

SCOTT, J.

# I. INTRODUCTION

On May 2, 2006, the Defendant Theresa Haines ("Haines") requested that the Court memorialize in a written opinion its ruling with regard to Plaintiffs' Motion in Limine to Exclude Bradley Probst's ("Probst") biomechanical expert testimony.   Upon consideration of the evidence presented, review of Plaintiffs' Motion and Defendant's response, the Court concluded that Plaintiffs' Motion should be **GRANTED.**

# II. BACKGROUND

Cathy Burkett-Wood ("Burkett-Wood") commenced this action against Haines as a result of alleged injuries sustained from an automobile accident which occurred on December 10, 2000 at the intersection of U.S. Route 40 and Delaware Route 7.  Haines rear-ended Burkett-Wood as she was attempting to merge onto the highway.

Haines identified Probst as an expert witness to testify to the forces upon the vehicles involved in the accident.  Haines stated that the purpose of Probst's testimony was to demonstrate that the forces involved in the accident were no greater than forces Burkett-Wood would have experienced during everyday living.  Before trial, Burkett-Wood moved *in limine* to exclude the testimony of Probst, a biomechanical expert.  The Court granted Burkett-Wood's motion.

# III. STANDARD OF REVIEW

Under Delaware Rule of Evidence ("D.R.E.") 702, expert testimony is admissible provided the expert is qualified to testify by virtue of his or her "knowledge, skill, experience, training or education" and the scientific, technical or other specialized information "will assist the trier of fact to understand the evidence or to determine a fact in issue…."[1]  D.R.E. 702 is identical to its federal counterpart, F.R.E. 702.  In *M.G. Bancorporation, Inc. v. Le Beau*, [2] the Delaware Supreme Court adopted the interpretation of F.R.E. 702 of the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[3] as the interpretation of D.R.E. 702.  *Daubert* established a "gatekeeping" role for the court to "ensure that any and all scientific testimony …is not only relevant, but reliable."[4]  D.R.E. 702 "establishes a standard of evidentiary reliability"[5] and "requires a valid … connection to the pertinent inquiry as a precondition of admissibility."[6]  If an expert's opinion is challenged, "the trial judge must decide if the expert's

---

[1] D.R.E. 702.
[2] 737 A.2d 513 (Del. 1999).
[3] 509 U.S. 579 (1993).
[4] *Daubert*, 509 U.S. at 589; *M.G. Bancorporation*, 737 A.2d at 522.
[5] *M.G. Bancorporation*, 737 A.2d at 523 (internal citation omitted).
[6] *Id.*

testimony 'has a reliable basis in the knowledge and experience of the relevant discipline.'"[7]

   The factor test mentioned in *Daubert*[8] is not a definitive checklist or test, rather, it is a guideline for determining whether any particular opinion is based on valid reasoning and reliable methodology.[9]  "The ultimate touchstone is helpfulness to the trier of fact, and with regard to reliability, helpfulness turns on whether the expert's technique or principle [is] sufficiently reliable so that it will aid the jury in reaching accurate results."[10]

   The decision in *Daubert* was explicitly directed to considerations of expert scientific testimony.  In *Kumho Tire*,[11] the Court held "that *Daubert's* general principles apply to [all] the expert matters described in Rule 702."[12] "[T]he trial judge must determine whether the [proffered] testimony has 'a reliable basis in the knowledge and experience of [the relevant]

---

[7] *Id*.

[8] The Court in *Daubert* held that the following factors should be considered: (1) whether the reasoning or methodology underling the opinion is scientifically valid; (2) whether that reasoning or methodology can be properly applied to the facts at issue; (3) whether the theory or technique has been tested, subject to peer review and publication; and (4) whether it has been generally accepted.  *Daubert*, 509 U.S. at 593-94.

[9] *Pfizer Inc. v. Advanced Monobloc Corp.*, 1999 WL 743927, at *3 (Del. Super.)(internal citation omitted).

[10] *In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 744 (3d Cir. 1994)(internal citation omitted).

[11] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999); adopted by the Delaware Supreme Court in *M.G. Bancorporation*, 737 A.2d at 522.

[12] *Kumho Tire*, 526 U.S. at 149.

discipline.'"[13]  "The factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony."[14]  The trial judge "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."[15]

## IV. DISCUSSION

The Court was asked to decide whether Probst's testimony, regarding forces on the vehicles determined using biomechanical principles, met the standards for admissibility of expert testimony.

The Court considered the evidence as a whole in deciding whether Probst had sufficient knowledge to make reasonable conclusions about the accident and whether that testimony would mislead the jury.[16]  If the Court concluded that the testimony was reasonable and not likely to mislead, then the testimony would be admissible.  In making the decision on the admissibility of Probst's biomechanical testimony, the Court considered evidence in the following three areas: (1) Probst's knowledge of the

---

[13] *Id.* (internal citation omitted).
[14] *Kumho Tire*, 526 U.S. at 150 (internal citation omitted).
[15] *Id.* at 152.
[16] *Cunningham v. McDonald*, 689 A.2d 1190, 1193 (Del. 1997).

accident; (2) Probst's knowledge of the Plaintiff; and (3) Probst's qualifications.  In the present case, the Court concluded that Probst's proposed testimony was inadmissible.  Therefore, Plaintiffs' Motion in Limine to Exclude Probst's Testimony was **GRANTED.**

(1)     Knowledge of the accident.

The Court considered Probst's knowledge of the vehicles' mechanical environments and the events surrounding the accident.  Mechanical environments include specific knowledge of the external and internal conditions of the vehicles such as damage to the vehicle; actual position of the headrest, including how plaintiff's head contacted the headrest; and the particular model of the seat and its physical characteristics.  Events surrounding the accident include knowledge of skid marks and other vehicles involved.

In the present case, the Court concluded that Probst's conclusions were too speculative and unreliable to be used as a basis for determining any probable injury to Burkett-Wood.  In particular, Probst did not personally examine either vehicle.  He based his conclusions on the photographs of the vehicles which he discussed in his report, however, he failed to list them as materials relied upon.  Furthermore, since Probst was unable to ascertain Burkett-Wood's actual position he could not calculate the total amount of

force or the force applied to a particular part of her body.  He merely talked about what typically or possibly occurred and not what occurred to a reasonable degree of scientific probability.  Probst was also unable to determine the actual position of the headrest prior to impact.  Based on the foregoing, the Court determined that Probst's conclusions were unreliable.

(2)     Knowledge of the Plaintiff

The Court also considered Probst's knowledge of Burkett-Wood's pre-existing degenerative condition since biomechanical testimony must provide definitive evidence that the physics of a particular accident did (or did not) cause a particular injury to a particular individual.[17]  The court must consider whether the expert considered the effect of pre-existing medical conditions and the unique susceptibility of a particular plaintiff to the injuries claimed.[18]  In the present case, Probst's studies failed to account for Burkett-Wood's pre-existing degenerative condition.  His testimony did not connect the general biomechanical analysis of the physical forces involved in the accident to the unique medical history that provided the necessary, reliable link to Burkett-Wood.  Therefore, the Court concluded that Probst's generalized conclusions were not a trustworthy measure of the critical fact at

---

[17] *Eskin v. Carden*, 842 A.2d 1222, 1228 (Del. 2004).
[18] *Id.*

issue and would have resulted in juror speculation, confusion and unfair prejudice.[19]

(3)     Qualifications

24 *Del. C.* Chapter 28 ("Chapter 28") makes it unlawful for any person to practice engineering in Delaware unless they are registered under that chapter.[20]  The practice of engineering includes consultation, investigation or evaluation in connection with machines, equipment or processes when such professional services requires the application of engineering principles and data.  Consultation and investigation of the forces and stresses employed as a result of an auto accident constitute the practice of engineering.

The exceptions to the registration requirement of Chapter 28 are narrowly tailored, and do not cover out of state professional engineers temporarily practicing in Delaware.

Other professions including chiropractors,[21] dentists,[22] physicians,[23] and nursing,[24] have statutes that provide certain exceptions from registration for those persons temporarily practicing in the state.  Chapter 28 does not.

---

[19] *See Mason v. Rizzi*, 2004 WL 439690 (Del. Supr.); *Eskin*, 842 A.2d 1222 (Del. 2004).
[20] 24 *Del. C.* §2802.
[21] 24 *Del. C.* §713.
[22] 24 *Del. C.* §1134.
[23] 24 *Del. C.* §1726.
[24] 24 *Del. C.* §1921(a)(6).

The chiropractic statute is the most specific.  It provides a specific exemption for examination, recommendation, or testimony in litigation.[25] The statutes establish minimum requirements for professionals that practice in specific areas that the State has chosen to regulate.  The State has chosen to regulate the practice of engineering and has established minimum requirements.

The Court concluded that Probst was not qualified to offer engineering testimony as he was not registered pursuant to 24 *Del. C.* Chapter 28.[26]

## V. CONCLUSION

The Court found that Probst was not qualified to testify as an engineer and that his testimony was inadmissible.  Therefore, Plaintiffs' Motion to Exclude the Expert Testimony of Probst was **GRANTED**.

**IT IS SO ORDERED.**

_____
Judge Calvin L. Scott, Jr.

---

[25] See *id*. §713.
[26] The Court notes that Probst does not appear to be a registered professional engineer in any state.

Honorable John Erlick
Trial Date: 4/20/09

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

ABDI ABSHIR and GASLE JAMA,    )
                                )   No.   08-2-08509-1 SEA
         Plaintiffs,            )
                                )   ORDER GRANTING PLAINTIFFS
         v.                     )   MOTION IN LIMINE TO EXCLUDE
                                )   BRADLEY PROBST TESTIMONY
ANNETTE OTIS and "JOHN DOE"     )   AND CERTAIN MATTERS
OTIS, wife and husband, and the )
marital community composed thereof; )  (Proposed)
jointly and severally           )
                                )
         Defendants.            )

## ORDER

THIS MATTER, having come on before the Court on Plaintiff's Motion
in Limine to (1) exclude the testimony of Bradley Probst and (2) excluding reference to
the following issues, as detailed below:

The Court having considered:

1.    Plaintiff's Motion in Limine and supporting exhibits;

2.    Files and records herein; and

ORDER GRANTING PLAINTIFFS
MOTION IN LIMINE -- 1

**GRAHAM LUNDBERG & PESCHEL, P.S., INC.**
**ATTORNEYS AT LAW**
**500 JOHN STREET**
**SEATTLE, WASHINGTON 98109-5013**
**(206) 448-1992**
**FACSIMILE (206) 448-4640**

ORDERS010

3. _____;

4. _____;

5. _____;

and deeming itself fully advised,

    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff's

Motion in Limine is GRANTED as to the use of a Juror Questionnaire; and it is

further;

    **ORDERED, ADJUDGED AND DECREED** as follows:

1.    TESTIMONY OF BRADLEY PROBST

    (Excluded)   Limited as follows:      Not excluded

2.    INJURIES TO DEFENDANT OR OTHER NON-PARTIES

    (Excluded)    Not excluded

3.    BIOMECHANICAL OPINIONS OR ANALYSIS OF JON JACOBSON, Ph.D., P.E.

    (Excluded)    Not excluded

4.    RECOVERY IS NOT SUBJECT TO TAXATION

    (Excluded)    Not excluded

ORDER GRANTING PLAINTIFFS
MOTION IN LIMINE -- 2

GRAHAM LUNDBERG & PESCHEL, P.S., INC.
ATTORNEYS AT LAW
500 JOHN STREET
SEATTLE, WASHINGTON 98109-5013
(206) 448-1992
FACSIMILE (206) 448-4640

5.     CIRCUMSTANCES SURROUNDING EMPLOYEMENT OF ATTORNEY

(Excluded)      Not excluded

6.     NO EX-PARTE COMMUNICATION WITH PLAINTIFF'S TREATING PHYSICIANS

(Excluded)      Not excluded

7.     UNRELATED CLAIMS OR LAWSUITS *OF PLAINTIFFS*

(Excluded)      Not excluded

8.     EXISTANCE OR NONEXISTANCE OF INSURANCE

Excluded      (Not excluded)

9.     WITNESSES NOT CALLED TO TESTIFY

(Excluded)      Not excluded

10.     THIS MOTION IN LIMINE

(Excluded)      Not excluded

DONE IN OPEN COURT this _14th_ day of ~~April~~ _July_, 2009.

The ~~Honorable~~ _John P. Erlick_

ORDER GRANTING PLAINTIFFS
MOTION IN LIMINE -- 3

GRAHAM LUNDBERG & PESCHEL, P.S., INC.
ATTORNEYS AT LAW
500 JOHN STREET
SEATTLE, WASHINGTON 98109-5013
(206) 448-1992
FACSIMILE (206) 448-4640

Presented by:

GRAHAM LUNDBERG & PESCHEL, P.S., INC.

_Carrie D. Umland_

CARRIE D. UMLAND, WSBA #24949
Attorney for Plaintiff JAMA

_Paul Walchenbach_

Paul Walchenbach, WSBA #15150
Attorney for Plaintiff Abshir
THOMAS M. IKEDA   WSBA8925

Copy received; Approved as to form;
Notice of presentation waived:

Shawny Jaine, WSBA #29937
Attorney for Defendant

msK:\10000s\10556.1\trial\order mil.doc

ORDER GRANTING PLAINTIFFS
MOTION IN LIMINE -- 4

GRAHAM LUNDBERG & PESCHEL, P.S., INC.
ATTORNEYS AT LAW
500 JOHN STREET
SEATTLE, WASHINGTON 98109-5013
(206) 448-1992
FACSIMILE (206) 448-4640

1                                                          Honorable Theresa Doyle

2

3

4

5

6              IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                        IN AND FOR THE COUNTY OF KING
7

8    MARC S. STERN,                        NO. 08-2-18857-4 SEA

9         Plaintiff,                       ORDER EXCLUDING DEFENSE'S HUMAN
                                           FACTORS EXPERT BRADLEY W. PROBST
10        v.                               FROM TESTIFYING AT TRIAL AND CIVIL
                                           CONTEMPT
11   DOUGLAS H. CLARK, and the marital
12   community of Douglas H. Clark and Carrie M.   [Clerk's Action Required]
     Clark,
13
          Defendant.
14

15        THIS MATTER having come before the Court on Plaintiff's motion to exclude the

16   testimony of Bradley W. Probst at trial and for civil contempt, and the Court having considered

     the following pleadings:
17
          1.     The Court's Order Compelling Response to Items 7 and 8 of Subpoena Duces
18
     Tecum to Bradley W. Probst dated November 3, 2009;
19        2.     Plaintiff's Motion to Exclude Defense's Human Factors Expert Bradley W. Probst

     from Testifying at Trial and for Civil Contempt dated November 9, 2009
20
          3.     Declaration of Joseph L. Koplin and attached Exhibits A through E dated
21
     November 9, 2009.
22        4.     Defendant's Response

23        5.     Declaration of Steven Takahashi

24        6.

     And the Court having heard argument of counsel, and the Court finding that:
25

ORDER EXCLUDING PROBST - 1                        MOSCHETTO & KOPLIN, INC., P.S.
                                                         Attorneys at Law
                                                  1800 112ᵗʰ Avenue NE  Suite 300E
                         ORDERS014

1   Bradley W. Probst, a biomedical engineer, is not qualified by knowledge,

2   skill, experience, training or education as a human factors expert pursuant to

3   ER 702, and his testimony in the area of human factors will not assist the
    trier of fact to understand the evidence or determine a fact in issue;

4   Bradley W. Probst has failed to fully comply with the subpoena duces tecum

5   which accompanied his deposition notice and has further failed to fully

6   comply with the terms of the Court's order dated November 3, 2009, and is
    in civil contempt per RCW 7.21.010(b) and (d);

7

8   It is therefore ORDERED as follows:

9

10  The defense may not offer Bradley W. Probst as a human factors expert at
    trial in this matter.

11  Bradley W. Probst shall not be permitted to testify at trial in this matter

12  unless and until he has fully complied with the terms of the subpoena duces

13  tecum and the Court's November 3, 2009 order.

14  DONE IN OPEN COURT this _16_ day of ___Nov.___, 2009.

15

16
                                        _____
                                        HON. THERESA DOYLE

17  Presented by:                       Copy Received:

18  MOSCHETTO AND KOPLIN, INC., P.S.

19

20  By___/s/Joseph L. Koplin            _____
        WSBA No. 7683                   Steven S. Takahashi, WSBA No. 19084
21      Attorneys for Plaintiff         Attorney for Defendant
        Moschetto and Koplin, Inc., P.S.
22      1800 112th Avenue NE, Suite 300E
        Bellevue, WA 98004-2954
23      Phone: (425) 641-6000
        Fax: (425) 641-1745
24      E mail: joekoplin@mandk.net

25

ORDER EXCLUDING PROBST - 2

1
2
3
4
5
6
7

SUPERIOR COURT OF WASHINGTON STATE

8

KING COUNTY

9
ULIBEE PARKER CORNER, a married
individual,

NO. 11-2-04500-5 KNT

10
                    Plaintiff,

11
vs.

12

ORDER GRANTING PLAINTIFF'S
MOTION TO EXCLUDE
TESTIMONY OF BRADLEY
PROBST
~~(Proposed)~~

13
ADAM G. LUSARDO and JANE DOE
LUSARDO, and their marital
community, if any, and JANE DOES and
JOHN DOES, 1 through 10, inclusive,

14

15
                    Defendants.

16
17
18
This issue came before the Court on the Plaintiff's Motion To Exclude Testimony Of

19
_Declaration of Kristian Erik Sohlin, and attached_
_declaration exhibits,)_
Bradley Probst. The Court has considered the Motion, Response, ~~if any, and Reply, if any, and~~

20
_Declaration of William H. Fold, and attached exhibits, and_
~~the pleadings and documents on file in this matter.~~ _Plaintiff's Reply_

21
_NOW, THEREFORE,_
It is hereby ordered that Bradley Probst is excluded from testifying at trial in this case.

22
Further: _Medical injury causation must be proved_

23
_by competent medical testimony. Probst's opinions_

24
_rely on ~~photos~~ examination of photographs of_

25
_damage to the subject vehicles and controlled_

26

ORDER GRANTING
MOTION TO EXCLUDE - 1

**ORIGINAL**

SEMENEA LAW FIRM, P.S.
10845 MAIN STREET
BELLEVUE, WASHINGTON 98004
TELEPHONE: (425) 688-1108
FACSIMILE: (425) 688-1106

ORDERS016

1  low impact tests experienced by volunteers subjected
2  to rear-end impacts which he asserts are of comparable
3  or greater severity to that experienced by plaintiff.
4  His conclusion that there is "no injury mechanism
   present in the subject incident" to account for
5  plaintiff's injuries go well beyond the opinion
6  ~~testimony deemed within the discretion of the court~~
7  ~~to admit in Mele v. Arrington, 111 WnApp 5577 (2002).~~
   Probst's opinions are not helpful to the jury *

Done in Open Court this __29th__ day of February, 2012:

_____

The Honorable Jay V. White

* In determining whether this particular
plaintiff in this particular case sustained
injury from this particular accident. Further,

Presented by:

given that all the medical or

SEMENEA LAW FIRM, P.S.

chiropractic testimony in this
case supports the view that
plaintiff was injured in

By _____

the subject accident, it is

Leonard Semenea, WSBA #35327
Kristian Erik Soholm, WSBA #30535
Attorneys for the Plaintiff

apparent that even if Probst has
relevant testimony to offer, it's probative
value is substantially outweighed by the danger
of confusing or misleading the jury, if not
unfair prejudice, and should be excluded. ER 403

JW

ORDER GRANTING
MOTION TO EXCLUDE - 2

**SEMENEA LAW FIRM, P.S.**
10845 MAIN STREET
BELLEVUE, WASHINGTON 98004
TELEPHONE: (425) 688-1108
FACSIMILE: (425) 688-1106



Judge Barbara Linde

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JENNY SHIM,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH P. SWENSON and that marital community of Joseph P. Swenson and Judith M. Swenson,<br><br>Defendants | NO. 11-2-03939-1 SEA<br><br>~~GRANTING PLAINTIFF'S MOTION~~ ORDER EXCLUDING BRADLEY PROBST FROM TESTIFYING AT TRIAL<br><br>[~~PROPOSED~~] |

THIS MATTER came before the Court on plaintiff's motion to exclude the testimony of defense expert Bradley Probst at trial.   The court having considered the following pleadings:

1.    Motion to Exclude Trial Testimony of Bradley Probst.

2.    Declaration of Joseph L. Koplin with Exhibits 1-21.

3.    Response in Opposition to Motion to Exclude Opinions of Brad Probst.

4.    Declaration of Adam Cox with Exhibits A-E.

5.    Plaintiff's Reply Brief.

It is hereby ORDERED that Bradley Probst is excluded from testifying at trial in this case pursuant to ER 402, 403, 702, 703;

ORDER EXCLUDING BRADLEY PROBST - 1
2012-05-25 Order Excluding Probst (Shim)

MOSCHETTO KOPLIN

Moschetto & Koplin, Inc., P.S.
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1725 fax

1   Further:  The court finds the probative value of Mr. Probst's

2   testimony is substantially outweighed by the likelihood

3   of misleading or confusing the jury. The testimony

4   offered leads to an inference that Mr. Probst is
    testifying as a medical expert, about the plaintiffs

5   injury in this case. Mr. Probst is not qualified to do
    so. His testimony is excluded under ER 403.

6   Additionally, the court finds his testimony doesn't

7   meet the test of ER 703 + 702 under the facts of
    this case, based on the materials + record before the

8   court + it is thereby           They  excluded from trial
    · DONE IN OPEN COURT this 20 day of May, 2012.

9

10                                  Barbara Linde

11                           JUDGE BARBARA LINDE

12   Presented by:

13   MOSCHETTO & KOPLIN, INC., P.S.

14       /s/ Joseph L. Koplin
     By_____
15       Joseph L. Koplin, WSBA #7683
         Attorneys for Plaintiff Shim
16

17   Copy Received:

·18  LAW OFFICES OF KELLEY J. SWEENEY

19

20   By_____
         Adam C. Cox, WSBA #35677
21       Attorneys for Defendant Swenson

22

·23

24

25

ORDER EXCLUDING BRADLEY PROBST
- 2
2012-05-25 Order Excluding Probst (Shim)

MOSCHETTO
KOPLIN

Moschetto & Koplin, Inc., P.S.
1800 112th Ave NE, Suite 300E
Bellevue, WA 98004-2954
425-641-6000 tel
425-641-1745 fax

HONORABLE PATRICK OISHI

Hearing Date: Sept. 6, 2012

**FILED**

KING COUNTY, WASHINGTON

**SEP 06 2012**

SUPERIOR COURT CLERK

BY NANCY L. SLYE

DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

WILLIAM ROGER ARNOLD,

   Plaintiff,

  v.

SINAN S. DEMIREL and JANE DOE
DEMIREL, husband and wife, and the marital
community composed thereof; and JOHN
DOES 1-5,

   Defendants.

NO.  10-2-45161-7 KNT

ORDER GRANTING PLAINTIFF'S
MOTION TO EXCLUDE
DEFENDANTS' BIOMECHANICAL
EXPERT WITNESS AT TRIAL

~~(PROPOSED)~~



  This matter having come on duly and regularly for hearing before the undersigned

judge of the above-entitled court upon plaintiff's motion to exclude the testimony of

defendants' biomechanical expert witness at trial, the court having reviewed the records

and files herein, now, therefore,

////

////

////

ORDER GRANTING PLAINTIFF'S MOTION
TO EXCLUDE DEFENDANTS' BIOMECHANICAL
EXPERT WITNESS AT TRIAL - 1

THE GOSANKO LAW FIRM
7513 SE 27TH STREET, SUITE A
MERCER ISLAND, WA 98040-2836

(206) 275-0700

IT IS HEREBY ORDERED that plaintiff's motion to exclude defendants'

biomechanical expert witness Bradley W. Probst from testifying at trial is GRANTED. ⊛

DONE IN OPEN COURT this ___6th___ day of September, 2012.

HONORABLE PATRICK OISHI

Presented by:

THE GOSANKO LAW FIRM

By _____
Gary N. Gosanko, WSBA #13757
Attorney for Plaintiff

Approved as to form;
Notice of presentation waived

LAW OFFICES OF KELLEY J. SWEENEY

By _____
Jason J. Hoeft, WSBA #39547
Attorneys for Defendants

⊛ The court finds that the opinion testimony of Mr. Probst is not relevant to any issue still before the court (ER 401 and 402), and admission of his testimony would be unduly prejudicial and confusing (ER 403). His testimony is also inadmissible under ER 702 and 703. While Mr. Probst is qualified as an expert in his field, his opinions would not assist the trial of fact resolve any issues still before the court.

ORDER GRANTING PLAINTIFF'S MOTION
TO EXCLUDE DEFENDANTS' BIOMECHANICAL
EXPERT WITNESS AT TRIAL - 2

THE GOSANKO LAW FIRM
7513 SE 27TH STREET, SUITE A
MERCER ISLAND, WA 98040-2836

(206) 275-0700

28288 9/18/2012 550158



The Honorable Garold E. Johnson

FILED
DEPT. 10
IN OPEN COURT

SEP 1 4 2012

Pierce County Clerk
By

09-2-06071-7   39199824   OREXC   09-17-12

3

4

5

6

7        IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
          IN AND FOR THE COUNTY OF PIERCE

8

9   NANCY D. GUZEK and                    )   NO. 09-2-06071-7
    CHRISTOPHER E. GUZEK, wife and        )
10  husband and the marital community     )   **ORDER EXCLUDING BRADLEY**
    comprised thereof,                    )   **PROBST**
                                          )
11                    Plaintiffs,         )   ~~[PROPOSED]~~
                                          )
12                                        )
    v.                                    )
13                                        )
    JANET P. RUBINO and "JOHN DOE"        )
14  RUBINO, wife and husband and the      )
    marital community comprised thereof;  )
15                                        )
                      Defendants.         )
16  _____  )

17        THIS MATTER having come on before the above-entitled court on Plaintiffs' Motion for

18  an Order Excluding Bradley Probst, and the court, having reviewed the records and pleadings

19  filed herein, including:

20        1.    Plaintiff's Motion to Exclude Trial Testimony of Bradley Probst;

21        2.    Declaration of Mark W. Watson in Support of Plaintiff's Motion to Exclude Trial

22              Testimony of Bradley Probst (with exhibits);

23        3.    Defendant's Response to Plaintiff's Motion to Exclude Bradley Probst; Motion to

24              Strike;

25        4.    Declaration of Mathew Marinelli in Support of Defendant's Response to

26              Plaintiff's Motion to Exclude Bradley Probst;

27                                              The Law Offices of Watson & Gallagher, P.S.
                                                      3623 South 12th Street
28                                                       Tacoma, WA 98433
    Order Granting Plaintiff's Motion                      253-926-8437
    to Exclude Bradley Probst - 1                      Fax 253-301-2167

ORDERS022

20280 9/18/2012 550159

5.      Plaintiff's Reply Brief; and

6.      Reply Declaration of Mark W. Watson (with exhibits).

Does hereby,

ORDER, ADJUDGE AND DECREE as follows:

1.      Plaintiff's Motion is hereby GRANTED.  Bradley Probst, including any

references to him or any of his opinions, is hereby excluded.

2.    ~~The defendants' motion to strike is denied.~~

3.    _____

      _____

      _____

FILED
DEPT. 10
IN OPEN COURT

SEP 1 4 2012

Pierce County Clerk
By _____
Deputy

DONE IN OPEN COURT this _14_ day of _SEPT._, 2012.

_____
Judge Garold E. Johnson

Presented by:

THE LAW OFFICES OF
WATSON & GALLAGHER, P.S.

_____
MARK W. WATSON, #24260
Attorney for Plaintiffs

Approved as to form by:

LAW OFFICES OF
KELLEY J. SWEENEY

_____
MATHEW D. MARINELLI, #24199
Attorney for Defendant

WSBA No
20765 fr

*Order Granting Plaintiff's Motion
to Exclude Bradley Probst - 2*

The Law Offices of Watson & Gallagher, P.S.
3623 South 12ᵗʰ Street
Tacoma, WA 98433
253-926-8437
Fax 253-301-2167

ORDERS023

1          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON.

2              IN AND FOR THE COUNTY OF PIERCE

3  _____

4  NANCY D. GUZEK and                )
   CHRISTOPHER E. GUZEK, wife        )
5  and husband and the marital       )
   community comprised thereof,      )
6                                    )
            Plaintiffs,              )
7                                    )
     vs.                             )   No.  09-2-06071-7
8                                    )
   JANET P. RUBINO and "JOHN DOE"    )
9  RUBINO, wife and husband and      )
   the marital community comprised   )
10 thereof,                          )
                                     )
11          Defendants.              )
   _____

12
                 VERBATIM REPORT OF PROCEEDINGS
13
                         [Motions]
14 _____

15                    [September 14, 2012]

16               Honorable GAROLD E. JOHNSON
                     Department No. 10
17               Pierce County Superior Court

18
   APPEARANCES
19 For the Plaintiffs:        Mark W. Watson
                              Attorney at Law
20

21 For the Defendants:        Mark Dietzler
                              Attorney at Law
22
   LESLIE J. THOMPSON, CCR
23 OFFICIAL COURT REPORTER
   PIERCE COUNTY SUPERIOR COURT
24 930 TACOMA AVENUE SOUTH, #334
   TACOMA, WA  98402
25 (253) 798-2979

                                                              1

1          THE COURT:  Guzek versus Rubino, R-u-b-i-n-o,

2     09-2-06071-7.  No. 5 on the docket.

3          MR. WATSON:  Good morning, Your Honor.  Mark

4     Watson, here on behalf of the Guzeks.

5          MR. DIETZLER:  Good Morning, Your Honor.  Mark

6     Dietzler.  I'm here for Matt Marinelli, representing

7     defendant Rubino.

8          THE COURT:  Very good.

9        I've read the materials.  And I will tell you I'm

10    very familiar with both the Stedman case and the

11    Arrington case as well, and the other cases surrounding.

12       You may continue.

13         MR. WATSON:  So with that, I guess I'll launch

14    in to a briefer argument than I was planning, Your Honor.

15    If you're already familiar with the cases; the case at

16    bar arose from a rear end motor vehicle collision.  An

17    arbitrator was appointed.  After about a

18    two-and-a-half-year process of going through arbitration,

19    we finally got to arbitration in October of 2011.  A

20    local attorney arbitrated the case.

21       The defense then appealed the arbitration award.  And

22    after appealing for the first time retained a defense

23    expert, this engineer, Brad Probst, to opine that because

24    the damage that he could discern from photographs of the

25    vehicles was minimal in his opinion, there is no way that

2

September 14, 2012

1    the motor vehicle collision could have been the cause of

2    the injuries.

3        The case law on this issue is clear and just became

4    much clearer a month and a day ago when the court decided

5    Stedman.  Your Honor already stated you're familiar with

6    the case, so I won't go through the facts of that case.

7    But what Stedman did do was look at a number of other

8    trial court decisions over the last couple of years where

9    people like this defense expert, another guy named Allen

10   Tencer, have routinely been getting excluded in these

11   cases.

12       In the --

13           THE COURT:  Actually, counsel, I think the count

14   was 12 to 3; in other words, defense -- plaintiffs 3,

15   defendants 12.

16           MR. WATSON:  Well, I don't know where that count

17   came from.  I just also supplied another one from just

18   about a week or two ago from Judge Hickman where -- just

19   across the hall -- where he excluded another one.  I

20   don't know who brought the other 12, because I haven't

21   seen any cases, any trial court orders in this matter

22   where Dr. Tencer or Mr. Probst were upheld.  All I've

23   seen are those where he's dismissed, and we've submitted

24   a number of those.

25       And again, what's important here is that the Court of

3

September 14, 2012

1    Appeals in Stedman specifically addressed those cases and

2    really adopted what the trial courts are doing.  And the

3    Stedman Court said despite this *Ma'ele versus Arrington*

4    case from ten years ago, these trial courts are finding

5    that it's junk science for a defense engineer to come in,

6    look at photographs of cars, and merely from a review of

7    those photographs and some other written discovery to

8    render the opinion that a particular plaintiff, like

9    Ms. Guzek in this case, could not have been injured in

10   the car crash because crash test volunteers in other

11   cases were not seriously injured in car crashes.

12   The Stedman case not only really adopted and glommed

13   on to these other trial court decisions excluding these

14   engineers, but also reviewed and adopted some cases from

15   other jurisdictions.

16   For example -- and I provided the court with a copy

17   of *Schultz versus Wells*, a case from Colorado.  I've

18   provided the court with a copy of *Tittsworth versus*

19   *Robinson*, a case from Virginia, where these courts are

20   essentially saying -- not essentially, they're directly

21   saying that having an engineer review photographs or

22   repair estimates and from that rendering an opinion about

23   causation in the face of medical testimony or care

24   provider testimony to the contrary, simply invites the

25   jury to speculate and confuses the jury.

4

September 14, 2012

1        When an engineer gets up on the witness stand with

2    all of this education and starts using all this technical

3    jargon, a jury gets confused and misled by that.  And so

4    the courts are now very commonly rejecting these defense

5    experts.  And that's exactly what we're asking Your Honor

6    to do in this case.

7        Again, I don't want to belabor it.  You started this

8    hearing telling me that you're already familiar with the

9    cases, so I think it's pretty clear that Your Honor has

10   heard a motion like this before, probably has made

11   rulings on this issue before, and I imagine you're going

12   to make a ruling here today somewhat consistent with what

13   you've done in the past.

14       A couple of last points though.  The Society of

15   Automotive Engineers, SAE is the acronym.  Mr. Probst,

16   the defense expert in this case, is a member of that

17   society, and he cites a number of older SAE articles but

18   overlooks one that came down in February of 2011.  And I

19   supplied the court with a copy of that as well.

20           THE COURT:  I read it.

21           MR. WATSON:  And in that SAE article the Society

22   of Automotive Engineers concluded that trying to come up

23   with some threshold force or threshold injury-causing

24   event is beyond the state of the art of biomechanics;

25   that's a quote from what they said.  It's simply nothing

5

September 14, 2012

1   that biomechanics should be doing or can be doing.  And

2   again, that's as of February of 2011.

3       The defense expert's reports in this case is bereft

4   of any reference to that recent article and instead

5   relies on a number of older articles.

6       I also supplied the court with another SAE article

7   really calling in to question the accuracy of determining

8   crush damage from merely looking at photographs.  It

9   really can't be done.  There was a chart in that article

10  that I provided the court that showed extremely

11  wide-ranging crush estimates from engineers merely from

12  the review of photographs.  That's not an accurate way to

13  come up with crush damage.

14      So there's just nothing in this record that should

15  lead this court to allow this defense expert to testify

16  in this case.  He should be excluded.

17      Finally, last point.  I cited the court to *Wilson*

18  *versus Horsley*, a 1999 Supreme Court case.  We have in

19  this case at bar almost identical to the facts of what

20  happened in *Wilson versus Horsley.*

21          THE COURT:  That's actually an amendment adding

22  different issues.

23          MR. WATSON:  It was.  And actually adding --

24  amending a complaint or an answer, the court has to do

25  that freely.

6

 1          And the Supreme the Court said that attempting to

 2     amend a claim after arbitration, even though a trial

 3     court must freely grant that, is something that's

 4     improper.  It's unfair.  Mandatory arbitration is set up

 5     so we can get these cases resolved.

 6          And unfortunately, some insurance companies are

 7     coming into these arbitrations with virtually nothing.

 8     They don't like the award.  They appeal it, and now here

 9     we are another year later.  And if they want to try to

10     put on these defenses, they need to do it before and

11     during arbitration so that my clients feel like that

12     they're actually getting a fair shake and hopefully

13     trying to get the case resolved.

14          With that, I'll turn it over to Mr. Dietzler.

15               MR. DIETZLER:  Good morning, Your Honor.

16               THE COURT:  Good morning.

17               MR. DIETZLER:  Mark Dietzler.

18          Mr. Watson has set forth some arguments, and most of

19     the arguments that he talks about go to the potential

20     weight of the opinion of Mr. Probst.

21          One thing I think the court needs to keep in mind is

22     that the plaintiffs have offered no competing testimony

23     to Mr. Probst in filing this motion.  The plaintiff has

24     not deposed Mr. Probst.

25          The decisions that they reference and what other

                                                              7

September 14, 2012

1    courts do or don't do, those are within the discretion of

2    those courts and their particular cases and the facts of

3    the cases that are before them.

4        And then, you know, you have the Stedman case and the

5    Ma'ele case.  Stedman is Division I; Ma'ele is Division

6    II, which was Judge Kitty-Ann van Doorninck.  She sets

7    forth the rationale for why the expert was not excluded

8    in the Ma'ele case, which is our Division I case, in

9    which she basically has stated that there was no issue of

10   Frye, right.

11       She said that the generally -- that there's

12   generally-accepted scientific -- in the community, the

13   principles of these low-speed impacts.  The evidence was

14   helpful in determining the issue of proximate cause.

15   Evidence of forces involved was relevant.  In that case

16   it was -- it was Dr. Tencer.  Dr. Tencer did not offer an

17   opinion regarding whether or not this particular

18   plaintiff was injured.

19       And she basically ruled that Tencer's opinion was

20   that he would not expect a person to be injured in such

21   an accident.  And Judge van Doorninck's ruling was the

22   jury was entitled to believe Tencer over other witnesses

23   and that the Frye test had been met.

24       So there's no per se rule of exclusion of experts,

25   and there's no per se rule that a biomechanical

8

ORDERS031

1    engineer's testimony and experience do not meet the Frye

2    test.  In fact, the only evidence before this court is

3    Mr. Probst's report and declaration that basically state

4    that these are the scientific principles and this is the

5    evidence.

6         Now, if the court were inclined to grant such a

7    motion prior to trial -- which I don't think the court

8    should do -- what the other courts have not [sic] done is

9    they'll make a determination simply on the paper without

10    listening to the expert before trial.

11         And if this court were inclined to want to dismiss

12    Mr. Probst just based upon argument of counsel with no

13    evidence to the contrary, we would request that the court

14    have an evidentiary hearing where Mr. Probst can testify.

15    He can come in and set forth his opinions before the

16    court, before there would be any prejudice to my client

17    in terms of having him excluded in advance of trial.

18    That way Mr. Watson would have the opportunity to address

19    whatever issues he thinks are important.  Then the court

20    could make its decision at that particular time.

21         I know the trial is not set until October 31st of

22    this year, so there's time to do that.  I don't think it

23    would take more than a few hours.

24              THE COURT:  Maybe in your calendar.

25              MR. DIETZLER:  But simply, Your Honor, I don't

9

1     think that there's been sufficient evidence set forth

2     upon which this court can exclude Mr. Probst at this

3     point.  And I think it's premature for the court to do

4     so.

5           THE COURT:  Thank you.

6     Counsel.

7           MR. WATSON:  Yes.  Very briefly.

8     First of all, in this case, unlike Ma'ele, the

9     defense expert, Brad Probst, specifically concluded

10    Ms. Guzek was not injured.

11    In the Division II case of Ma'ele, the court

12    specifically said that Dr. Tencer did not render an

13    opinion like that, and therefore, they did allow the

14    discretion of the trial court to be upheld in allowing

15    him.  We have a much different situation here.

16    Second of all, there's no need for an evidentiary

17    hearing.  The case law is very clear.  It's either junk

18    science or it's misleading and confusing of the jury, as

19    the Stedman Court held less than a month ago and as a

20    number of other trial court decisions have held.

21    And by the way, Your Honor, while opposing counsel

22    was making their argument, I found that I supplied the

23    court with six cases excluding these guys, and one of

24    them being the very recent one from Judge Hickman.

25    No evidentiary hearing is necessary.  There are a

10

September 14, 2012

1    number of bases upon which Mr. Probst should be excluded,

2    and we ask the court do so.

3           THE COURT:  My count was actually in the Stedman

4    case.  It wasn't all the cases you supplied me.  I may

5    have miscounted that, too.

6       At any rate, I don't find that this is junk science.

7    I don't think I have that -- I'd have to have an

8    evidentiary hearing on that.  I do not find it is junk

9    science.

10      Just to make it clear.  Unless Judge van Doorninck

11   was promoted, she didn't make any decision at the Court

12   of Appeals.  She's a Superior Court judge.  Judge

13   Armstrong did, however, in the Arrington case, and the

14   argument still is sound that was made.

15      Having said that, after reviewing his materials, I

16   find that they're not helpful compared to their potential

17   harm.  In other words, while somewhat probative at some

18   level, I think, I tend to agree with the court's comment

19   it's fascinating science, but not very helpful to the

20   finder of fact.  And therefore, its probative value is

21   outweighed by its prejudicial effect.

22      One of the things that concerned me as I was reading

23   through it is that there's no indication, whatsoever, of

24   how susceptible this particular person is to injury.

25   None, whatsoever.  And neither could he make that kind of

11

September 14, 2012

1    a calculation.

2        There's no indication he has any idea of the

3    location, the movement, the forward forces, the lateral

4    movement, any of that on the part of the plaintiff before

5    impact.  There's no indication of how much energy may

6    have been enforced because she applied the brakes,

7    because he has no idea how fast the car was going when

8    the brakes were applied.

9        There's no indication of energy to be absorbed by

10   other matters at the scene, non-photographed matters,

11   such as underneath of the car, or the curb, or the -- in

12   this case wouldn't be a curb, but whatever else may have

13   been there.  None -- nothing, whatsoever.  No photographs

14   of the area that he reviewed at all.

15       And clearly, the inference that this expert is trying

16   to persuade the jury -- because he said so outright --

17   but even if I was to strike that portion of it, the only

18   import of this testimony is the inference that the

19   defendant [sic] was not hurt in this accident.  But

20   there's no medical testimony that supports that

21   conclusion whatsoever.

22       The only -- the major problem here is that we do have

23   this problem of an aura of an expert.  The man has

24   terrific credentials, but not helpful to this particular

25   case.

12

1       Let me take you up -- for that reason alone he would

2   be excluded from this case.

3       Let me move beyond that.  The idea that we go through

4   all the arbitration, all the time and energy it takes to

5   do that, don't call a key witness until trial -- I think

6   one of the cases, one of the older cases from I think

7   it's 1993, I've forgotten the name of it, refers to that

8   as sandbagging.

9       And that, to me, seems like a very serious problem.

10  Because under the theory of the, at least what it could

11  lead to, is the defense simply doing nothing but showing

12  up.  Calling no witnesses, doing nothing.  Just show up

13  at the MAR hearing, knowing full well that they have

14  better experts in the closet somewhere, then call them at

15  trial.  That is simply exactly the opposite of the intent

16  and purpose of the MAR rules.  And for that reason, too,

17  I would exclude this witness.

18      And I notice, by the way, this isn't the first time

19  this happened.  I think that's also true in the Stedman

20  case.  That's exactly what happened.  That wasn't

21  mentioned by the Court of Appeals, but that basis, alone,

22  I would strike it from this case.

23      Buy nevertheless, in this case -- and I'm very aware

24  that the MAR says it's a trial -- it's not an appeal.

25  It's a trial as if no trial had been held.  I'm very

13

September 14, 2012

1    aware of that.  But that's still the underlying purpose

2    of the trial, itself, of the MAR hearing, itself.

3    Consequently, he will be excluded on that basis.  He will

4    be excluded from this case.

5         MR. WATSON:  Thank you, Your Honor.  I have an

6    order.

7                        [Whereupon, the verbatim report of
                          proceedings adjourned.]
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                              14

September 14, 2012

1              C E R T I F I C A T E

2

3    STATE OF WASHINGTON    )
                            ) ss.
4    COUNTY OF PIERCE       )

5

6

7        I, Leslie J. Thompson, an official court reporter for

8    Pierce County Superior Court, do hereby certify that the

9    foregoing is a true and accurate transcript of the proceedings

10   as taken by me in the above-entitled matter.

11

12

13

14

15   DATED: _____      _____
                                 LESLIE J. THOMPSON, CCR
16                               OFFICIAL COURT REPORTER
                                 CCR NO. 2690
17

18

19

20

21

22

23

24

25

                                                              15

The Honorable Hollis R. Hill
Trial Date: 12/10/12



FILED
KING COUNTY, WASHINGTON

NOV 0 7 2012

SUPERIOR COURT CLERK
BY JULIE WARFIELD
DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

SANDRA AN,

       Plaintiff,

  vs.

MICHELLE T. SMITH,

       Defendant.

No. 11-2-30189-3 KNT

**ORDER GRANTING PLAINTIFF'S
MOTION TO EXCLUDE TESTIMONY OF
BRADLEY PROBST**

This issue comes before the Court on Plaintiff's Motion to Exclude Testimony of Bradley Probst. The Court has considered the Motion, Declaration of Miklos Pusztai and the attached declarations and exhibits, defendant's response, the declaration by Eric S. Chavez and attached exhibits, and plaintiff's reply.

Plaintiff has moved this court to exclude in its entirety the testimony of Dr. Bradley Probst proffered by the defense to express opinions that are found on page 9 of his January 9, 2012 report. There being no objection to the competence of the reports and other materials presented for the court's review, this ruling is based on the all records provided by the parties. The reasons for granting this motion are as follows:

Medical injury causation must be proved by competent medical testimony based on a more probable than not standard. Dr. Proubst's opinions that the impact at issue in this case was too slight to have resulted in plaintiff's alleged injuries is in essence a medical opinion which as a biomechanical

**ORDER GRANTING PLAINTIFF'S
MOTION TO EXCLUDE TESTIMONY OF
BRADLEY PROBST - 1**

ORDERS039

engineer Dr.Proubst is not qualified to give. Furthermore, the "limits of human tolerance" as determined by Dr. Proubst using test subjects of unknown health, age and conditioning are irrelevant to the question of causation of Ms. An's alleged injuries. Therefore, the testimony regarding the lack of causal relationship between the subject incident and Ms. An's claimed injuries is inadmissible under ER 702 and ER 402.

Furthermore, this evidence would encourage impermissible speculation on the part of the jury, in the absence of competent medical evidence, that the plaintiff herself was not in fact injured in the subject incident. Therefore ER 403 precludes admission of this evidence because its probative value is substantially outweighed by its potential prejudicial impact.

Finally, in his report Dr. Proubst states, "[t]he severity of the subject incident was consistent with a Delta-V less than 5 miles-per-hour with an average acceleration less that 1.5 g for the subject 2006 Lexus RX 400h in which Ms. An was seated." There is insufficient foundation for this conclusion in that he utilizes an Insurance Institute for Highway Safety (IIHS) low speed test of an "essentially the same" vehicle which showed certain damage when crashed into a flat barrier at 5 miles an hour. There is no assertion or showing that the rear end collision in this case was comparable to a crash into a flat barrier. The opinions based on these test studies lack sufficient foundation and are therefore irrelevant under ER 402. Because they would not assist the trier of fact to understand the evidence or determine a fact in issue they are also inadmissible under ER 702.

NOW, THEREFORE ORDERS that Bradley Probst is excluded from testifying at trial in the above-captioned matter.

Dated this 7th day of November, 2012.

THE HONORABLE HOLLIS R. HILL

**ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF BRADLEY PROBST - 2**

ORDERS040

FILED

12 DEC 21 PM 4:17

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 12-2-01978-9 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| RACHEL WILLIAMS, an individual, | ) |
| | ) No. 12-2-01978-9 SEA |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER GRANTING PLAINTIFF'S** |
| | ) **MOTION TO EXCLUDE** |
| EDWARD B. McLEAN and DUSE F. | ) **BRADLEY PROBST** |
| McLEAN, husband and wife, and the | ) |
| marital community composed thereof, | ) |
| jointly and severally. | ) |
| | ) |
| Defendant/Respondent. | ) |
| | ) |

**THIS MATTER** came before the Court on Plaintiff's motion to exclude Bradley

Probst. The Court having considered the following pleadings:

1.   Motion to exclude Bradley Probst;

2.   Declaration of Neil Diemer with exhibits;

3.   Response in opposition to motion to exclude Bradley Probst;

4.   Declaration of Sarah Sato with exhibits, and

ORDER GRANTING PLAINTIFF'S
MOTION TO EXCLUDE BRADLEY PROBST - 1

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WA 98121
(206) 448-1992
FACSIMILE (206) 448-4640

ORDERS041

5.   Plaintiff's reply brief.

Defendant argues that Mr. Probst's testimony is "necessary and appropriate to impeach the testimony and therefore credibility of the plaintiff and plaintiff's expert Mark Olson." He states "plaintiff will be using her expert Mr. Olson and his conclusions in regard to the damage to defendant's vehicle to bolster her version of the facts". That conclusion is not apparent from the material which has been provided to the court. Rather, what the court has been provided is a two-page report from Mr. Olson describing the damage to Ms Williams's car in narrative and dollars and cents terms and concluding that the vehicle is a total loss. There is nothing in Mr. Olson's report describing forces on either the car or a human occupant.

The thrust of Mr. Probst's testimony, on the other hand, is that the forces did not and could not have caused Ms. William's injuries. The conclusion of his report is "a causal relationship between the subject incident and the lumbar injuries cannot be made." He elaborates on this conclusion in the declaration submitted in response to plaintiff's motion: "my methodology..was to evaluate the forces and the direction of application of said forces involved in the incident, and to cross-reference those forces with known biomedical tolerances of the unique individual under question in order to assess whether the conditions were present to create the mechanism of the claimed injuries." Decl Probst p. 7 l. 24 – p. 8 l. 3. He then continues to criticize the opinions of the medical doctors, including the physician hired by defense counsel to conduct a records review: "The Plaintiff's doctors opine that some of the injuries, or some level

ORDER GRANTING PLAINTIFF'S
MOTION TO EXCLUDE BRADLEY PROBST - 2

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WA 98121
(206) 448-1992
FACSIMILE (206) 448-4640

of injury, happened in this event.  It is my opinion that the doctors had insufficient basis to draw a conclusion of injury causation based upon a lack of objective scientific basis.  I question the source of those conclusions, and I question whether the doctors had sufficient background to draw those conclusions." Decl Bradley W. Probst p 10 l.23 – p. 11 l.3.

Mr. Probst's offered testimony goes far beyond a description of the forces in this motor vehicle accident.  It is an offer of testimony of medical causation from someone who is not qualified to give it.  Even were Mr. Probst a physician and able to diagnose medical causation, which he is not, there is no showing that the idea that forces such as existed in this accident are <u>incapable</u> of producing injury is generally accepted in the relevant, i.e. medical, scientific community.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** Plaintiff's motion to exclude Bradley Probst is **GRANTED**.

**DONE IN CHAMBERS COURT** this 21 day of December, 2012.

_____

JUDGE PALMER ROBINSON

hmX;012,000ol12126-1\PLEADINGS\Order.doc

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WA 98121
(206) 448-1992
FACSIMILE (206) 448-4640

ORDER GRANTING PLAINTIFF'S
MOTION TO EXCLUDE BRADLEY PROBST - 3

King County Superior Court
Judicial Electronic Signature Page

Case Number:     12-2-01978-9
Case Title:      WILLIAMS VS MCLEAN ET ANO

Document Title:  ORDER ORDER GRANTING MOTION TO EXCLUDE

Signed by Judge: Palmer Robinson
Date:            12/21/2012 4:17:52 PM

Judge Palmer Robinson

This document is signed in accordance with the provisions in GR 30.
Certificate Hash:             65E89A4D72B346604926B34D9CE7AD8CABD77AEB
Certificate effective date:   2/21/2012 4:23:10 PM
Certificate expiry date:      5/6/2014 5:23:10 PM
Certificate Issued by:        CN=Washington State CA B1, OU=State of Washington
                              CA, O=State of Washington PKI, C=US

Page 4 of 4

Received

FEB 2 1 2013

Graham Lundberg Peschel

# FILED
KING COUNTY, WASHINGTON

FEB 20 2013

SUPERIOR COURT CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

CHRISTOPHER BRUMFIELD,            )
                                  )
        Plaintiff,                )   No. 12-2-04210-2 SEA
                                  )
        v.                        )   **ORDER GRANTING PLAINTIFF'S**
                                  )   **MOTION TO EXCLUDE**
XIMENA A. BUSTAMANTE and "JOHN    )   **BRADLEY PROBST**
DOE" BUSTAMANTE, wife and husband )
and the marital community composed)
thereof, jointly and severally,   )   [PROPOSED]
                                  )
                                  )
        Defendants.               )
_____  )

        **THIS MATTER** came before the Court on Plaintiff's motion to exclude Bradley

Probst. The Court having considered the following pleadings:

1.  Motion to exclude Bradley Probst;

2.  Declaration of Bryan A. Olsen with exhibits;

3.  Response in opposition to motion to exclude Bradley Probst, if any;

4.  Declaration of Sarah Sato with exhibits, if any; and

         the & Brad PRobst

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WA 98121
(206) 448-1992
FACSIMILE (206) 448-4640

**ORDER GRANTING PLAINTIFF'S**
**MOTION TO EXCLUDE BRADLEY PROBST – 1**

COPY
ORDERS045

5.   Plaintiff's reply brief, if any.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED Plaintiff's motion to exclude Bradley Probst is **GRANTED**; Defendants and their experts are precluded from offering testimony or relying upon the opinions of Bradley Probst at trial.

**FURTHER:**

*The proposed opinions mislead ~~and~~ on several bases. First, assuming the opinion are true, injuries are awarded for more than "biomedical failures" yet his opinions seek to imply that no injuries if any*

**DONE IN CHAMBERS COURT** this 19 day of February, 2013.

_____
JUDGE JIM ROGERS

Presented by:

GRAHAM LUNDBERG PESCHEL, P.S., INC.

_____
SCOTT F. LUNDBERG, WSBA No. 16178
BRYAN A. OLSEN, WSBA No. 43498
Attorneys for Plaintiff Christopher Brumfield

braKA12,000A12126-1\PLEADINGS\Order.doc

*kind were entered. Second, the expert never reviewed any of the medical records of this plaintiff. The Court understands that this expert is not giving opinions on medical causation, but that is exactly what he applies by his opinion on "biomedical failure"*

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WA 98121
(206) 448-1992
FACSIMILE (206) 448-4640

**ORDER GRANTING PLAINTIFF'S**
**MOTION TO EXCLUDE BRADLEY PROBST - 2**

*thus there is a lack of foundation.*

Honorable Mary Roberts

1

2

3

4

5

6

7        SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8    WENDY EHRINGER,                          No. 11-2-20921-1 KNT

9                    Plaintiff,
                                              [PROPOSED] ORDER GRANTING
10             v.                             PLAINTIFF'S MOTION TO EXCLUDE
                                              TESTIMONY OF BRADLEY PROBST
11    LINDA CAPELUTO,

12                    Defendant.

13

14   THIS MATTER came before the Court on Plaintiff's Motion to Exclude Improperly Testimony

15   of Bradley Probst.  The Court reviewed the Plaintiff's Motion; the Declaration of Mel Crawford

     in Support of said Motion and its attachments; Defendants' Opposition to Plaintiff's Motion;
16

17   _____

18   _____; and

     the Plaintiff's Reply to Defendants' Opposition.
19

20          Being fully informed, the Court finds as follows.

21   1. Medical injury causation must be proved by competent medical testimony.

22   2. Mr. Probst is not qualified to provide such testimony.

23   3. Mr. Probst's opinions go beyond a description of the forces in this motor vehicle accident,
     ~~would have to be~~              ~~in order to be relevant to this case~~
24   and are an offer of testimony of medical causation.  ~~Even were Mr. Probst a physician~~ and able

25   ~~to diagnose medical causation, which he is not, there is no showing that that the idea that forces~~

26   ~~such as existed in this accident are incapable of producing injury is generally accepted in the~~

27   ~~relevant, i.e., medical, scientific community.~~

[PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION TO EXCLUDE BRADLEY PROBST - 1

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

10204.1 gb133410

ORDERS047

1

2   4. Mr. Probst's conclusions that there is "no injury mechanism present in the subject incident" to

3   account for plaintiff's injuries go well beyond the opinion testimony deemed within the

     *Stedman v. Cooper 292 P.3d 764 (2012)*

4   discretion of the court to admit in ~~Ma'ele v. Arrington, 111 Wn.App. 557 (2002)~~.

5   5. Mr. Probst's opinions are not helpful to the jury in determining whether this particular

6   plaintiff in this particular case sustained injury from this particular accident.

7   6. Any probative value of Mr. Probst's testimony is substantially outweighed by the likelihood

8   of misleading or confusing the jury

9          Based on these findings, the Court hereby ORDERS as follows.

10         Plaintiff's Motion shall be, and hereby is, GRANTED.  Bradley Probst shall not testify at

11  the trial of this matter, and no mention shall be made of his report or his opinions.

12

13         IT IS SO ORDERED THIS *26th* day of February, 2013.

14

15

16         _____
           Honorable Mary Roberts            **Judge John P. Erlick**

17         King County Superior Court Judge

18

19

20  Presented by:

21  MacDONALD HOAGUE & BAYLESS

22

23  By _____
        Mel Crawford, WSBN 22930

24  Attorneys for Plaintiff

25

26

27

[PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION TO EXCLUDE BRADLEY PROBST - 2

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

10204.1 gb133410

RECEIVED

OCT 02 2013

LAW OFFICES OF
LEONARD SEMENEA, PS.

Hon. Kimberly Prochnau
Hearing date: 9/19/2013
Without oral argument

SUPERIOR COURT OF WASHINGTON STATE

KING COUNTY

| MIGUEL ANGEL GALVAN, a single man, | No. 12-2-08961-2 SEA |
|---|---|
| Plaintiff, | |
| vs. | ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF BRADLEY PROBST |
| CRAIG THOMAS HUMMEL, and JANE DOE HUMMEL, and their marital community. if any, and JAYMIE RENE JONES and JOHN DOE JONES, and their marital community, if any, and JOHN AND JANE DOES 1 through 10, | |
| | (Proposed) |
| Defendants. | |

This issue came before the Court on the Plaintiff's Motion to Exclude Testimony of

Bradley Probst. The Court has considered the Motion, Defendants' Response, and Reply, and

the pleadings and documents on file in this matter.

It is hereby ordered that Bradley Probst is excluded from testifying at trial ~~in this~~

~~case for the following reasons:~~ As witness in defendant's case-in-chief.

~~Additionally,~~ However, if plaintiff presents evidence

of speed or force at impact that is contrary to

Probst's opinions, then Mr. Probst can be used as a

rebuttal witness only on the issues ~~speed~~ of speed

ORDER GRANTING
MOTION TO EXCLUDE - 1

SEMENEA LAW FIRM, P.S.
10845 MAIN STREET
BELLEVUE, WASHINGTON 98004
TELEPHONE: (425) 688-1108
FACSIMILE: (425) 688-1106

1   or Force of impact. He may not testify as a rebuttal

2   regarding an activities of daily living ~~consider~~

3   forces involved in

4

5

6

7

8

9

10

11

12   Signed in open court on September ___*Oct 2*___, 2013:

13

14   _____

15   The Honorable Kimberly Prochnau
     King County Superior Court Judge

16

17   Presented by:                          **KIMBERLEY PROCHNAU**

18   SEMENEA LAW FIRM, P.S.

19   _____

20   Kristian Erik Soholm, WSBA #30535
     Attorneys for the Plaintiff

21

22   Approved as to Form and Notice of Presentation Waived:

23   Law Offices of Kelley J. Sweeney

24   _____

25   Lisa Liekhus, WSBA # 30205

26

     ORDER GRANTING                         SEMENEA LAW FIRM, P.S.
     MOTION TO EXCLUDE - 2                     10845 Main Street
                                           Bellevue, Washington 98004
                                           Telephone: (425) 688-1108
                                           Facsimile: (425) 688-1106

KING COUNTY, WASHINGTON

MAR 03 2014

SUPERIOR COURT CLERK
BY Marcella Guzman
DEPUTY

The Honorable Kenneth Schubert
Trial Date: February 24, 2014

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| **JODI TODD**, individually,<br><br>             **Plaintiff,**<br><br>vs.<br><br>**RYAN JAMES HOVEE and "JANE DOE HOVEE"**, individually and the marital community comprised thereof; and **D.D. DENOTTA, LLC**, a Washington Corporation, doing business in the State of Washington.<br>              Defendants. | NO: **11-2-17140-0 SEA**<br><br>**ORDER ON PLAINTIFF'S MOTIONS IN LIMINE** |

THIS MATTER having come on to be heard before the Court on Plaintiff's Motions in Limine and the Plaintiff being represented by Kari I. Lester of the *The Law Offices of Ben F. Barcus & Associates*, PLLC., and the Defendants being represented by Adrienne Harris and the Court being duly advised does hereby enter the following Order on Plaintiff's Motions in Limine:

ORDER ON PLAINTIFF'S
MOTIONS IN LIMINE - 1

ORDERS051



Law Offices of Ben F. Barcus & Associates
4303 Ruston Way
Tacoma, WA 98402
Phone: (253) 752-4444

Limitations: _____

31. **JURY REHABILITATION**

Granted: ____√____

Denied: _____

Reserved: _____

Limitations: The Court does not intend to attempt to rehabilitate jurors, but will allow the parties to do so.

32. **EXCLUSION OF BRADLEY PROBST**

Granted: ____√____

Denied: _____

Reserved: _____

Limitations:    The Court finds that the probative value of Mr. Probst' testimony is substantially outweighed by the likelihood of misleading and confusing the jury under ER 403. The testimony to be offered leads to an inference that Mr. Probst is testifying as a medical expert about the Plaintiff's injuries, but he has no medical background and he is not qualified to do so, so his testimony is further excluded under ER 403, Additionally, the Court finds that Mr. Probst's testimony does not meet the test of ER 702 and 703 in this case and will not be helpful to a trier of fact.※ The only exception would be if Plaintiff presents evidence of the speed of the collision or force of impact that is contrary to Mr. Probst's proffered opinions, then Mr. Probst may potentially be called in that regard.  However, that would be the limited purpose of his testimony and the matter would have to first be taken outside the presence of the jury.

※ Mr. Probst's testimony about speed is not relevant because defendant hasn't shown that any of plaintiffs experts' opinions would change depending on the speed.

DONE IN OPEN COURT this ____ day of March, 2014.

ORDER ON PLAINTIFF'S
MOTIONS IN LIMINE - 11

Law Offices of Ben F. Barcus & Associates
4303 Ruston Way
Tacoma, WA 98402
Phone:  (253) 752-4444

JUDGE KENNETH SCHUBERT

Presented by:

_____
Kari I. Lester, WSBA# 28396
Attorney for Plaintiff

Notice of Presentation Waived
Approved as to form and content

_____
Adrienne Harris, WSBA 28784
Of Attorneys for Defendant

ORDER ON PLAINTIFF'S
MOTIONS IN LIMINE - 12

ORDERS053

15-2-05859-8   46941935   ORG   05-23-16

FILED
DEPT. 4
IN OPEN COURT

MAY 20 2016

PIERCE COUNTY, Clerk
By_____
DEPUTY

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR PIERCE COUNTY**

TINA DWORSKY, individually,

                Plaintiff,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

                Defendant.

NO. 15-2-05859-8

**ORDER GRANTING PLAINTIFF'S**
**MOTION TO EXCLUDE BRADLEY**
**W. PROBST**

This matter came before the Court on the Plaintiff's motion to exclude all reports,

opinions, and testimony of Bradley W. Probst.

The Court heard the oral argument of counsel for the parties.  The Court also considered

the pleadings and documents filed in this action and the following evidence:

1.     Plaintiff's Motion to Exclude Bradley W. Probst (with Exhibits A-O attached)

2.     American Family's Response to Plaintiff's Motion to Exclude Bradley W. Probst

3.     Declaration of William L. Weber III in Support of Defendant's Response to

Plaintiff's Motion to Exclude Bradley W. Probst (with Exhibits 1-7 attached)

4.     Declaration of Dr. Brandt Bede, MD

5.     Declaration of Bradley W. Probst

ORDER EXCLUDING PROBST - 1
H:\Xshare\sks\Dworsky.pi\Pleadings\mot to exclude
probst.order.doc

TROUP, CHRISTNACHT, LADENBURG,
McKASY, DURKIN & SPEIR, INC., P.S.
ATTORNEYS AT LAW
6602 19ᵀᴴ STREET WEST • TACOMA, WASHINGTON 98466-6193
TELEPHONE 253.564.2111 • FACSIMILE 253.566.9343

ORDERS054
ORIGINAL

6.     Plaintiff's Reply on Motion to Exclude Bradley W. Probst (with Exhibits A-E

attached) *7. Defendant's Sur Response*
*8. Defendant's Second Sur Response and second affidavit of Brad Probst.*

Based on the argument of counsel and the evidence presented, IT IS HEREBY

ORDERED, ADJUDGED, AND DECREED:

1.     The Plaintiff's motion is granted.

2.     The reports, opinions, and testimony of Bradley W. Probst are and shall be

excluded from admission into evidence.

3.     There shall be no mention of the reports, opinions, and testimony of Bradley W.

Probst in the presence of the jury.

4.

5.

DATED this **20** day of May, 2016.

JUDGE BRYAN CHUSHCOFF

PRESENTED BY:

**TROUP, CHRISTNACHT, LADENBURG,**
**McKASY, DURKIN & SPEIR, INC., P.S.**

SHELLY K. SPEIR, WSBA #27979

FILED
DEPT. 4
IN OPEN COURT

MAY 20 2016

PIERCE COUNTY, Clerk
By
DEPUTY

ORDER EXCLUDING PROBST - 2
H:\Xshare\sks\Dworsky.pi\Pleadings\mot to exclude
probst.order.doc

TROUP, CHRISTNACHT, LADENBURG,
McKASY, DURKIN & SPEIR, INC., P.S.
ATTORNEYS AT LAW
6602 19TH STREET WEST • TACOMA, WASHINGTON 98466-6193
TELEPHONE 253.564.2111 • FACSIMILE 253.566.9343

ORDERS055

1   Of Attorneys for Plaintiff

2   APPROVED AS TO FORM; NOTICE OF PRESENTATION WAIVED:

3   **COLE, WATHEN, LEID, HALL, P.C.**

4   _____

5   WILLIAM WEBER, WSBA # 28867
    Of Attorneys for Defendant

6

7

8

9

10

11

'2

13

14

15

16

17

18

19

20

21

22

?3

24   ORDER EXCLUDING PROBST - 3
     H:\Xshare\sks\Dworsky.pi\Pleadings\mot to exclude
25   probst.order.doc

TROUP, CHRISTNACHT, LADENBURG,
McKASY, DURKIN & SPEIR, INC., P.S.
ATTORNEYS AT LAW
6602 19TH STREET WEST ♦ TACOMA, WASHINGTON 98466-6193
TELEPHONE 253.564.2111 • FACSIMILE 253.566.9343



15-2-05859-8   47234230   ORMRC   07-13-16

2

3

4

5

6

7

8

9

FILED
DEPT. 4
IN OPEN COURT

JUL 12 2016

PIERCE COUNTY, Clerk
By_____
DEPUTY

10        IN THE SUPERIOR COURT OF WASHINGTON, COUNTY OF PIERCE

TINA DWORSKY, individually,
                    Plaintiff,

        vs.

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY,
                    Defendant..

Cause No. 15-2-05859-8

**ORDER ON MOTION FOR
RECONSIDERATION (Second)**

11

12        **THIS MATTER** having come on regularly before the above-entitled Court upon motion by the

13    Defendant for Reconsideration of the Court's written Order Granting Plaintiff's Motion to Exclude Bradley

14    Probst, the Court reviewed the records and files herein, it ordered that plaintiff provide additional briefing

15    addressing the issue whether repair or other information establishes there was damage to the plaintiff's

16    vehicle not depicted in the photographs of the vehicle. This briefing has been timely provided and the

17    court has reviewed Plaintiff's Response to Defendant's Motion for Reconsideration as well as the

18    Declaration of Steven M. Stockinger in Response to Defendant's Motion for Reconsideration. Pursuant to

19    PCLR 7(c)(3) now, therefore, it is hereby

20        **ORDERED** that Defendant's Motion for Reconsideration of the Court's written Order Granting

21    **

22    *

Reconsideration Order - Tina Dworsky v. Betty Crum #2.docx
                                    ORDERS057                                    Page | 1

1    Plaintiff's Motion to Exclude Bradley Probst be and it hereby is **DENIED**.

2        **DATED** this __12th__ day of July, 2016.

3
4
5
6
7
8                                    _____
                                     JUDGE BRYAN CHUSHCOFF

cc:    Pierce County Clerk for filing
       under above cause number

       Shelly K. Speir
       Troup, Christnacht, Ladenburg,
         McKasy, Durkin & Speir, Inc. PS
       Attorneys at Law
       6602 19th St. W.
       Tacoma, WA 98466-6193

       William Weber, III
       Cole, Wathen, Leid, Hall, PC
       Attorneys at Law
       3203 Battery Street
       Seattle, WA  98121

FILED
DEPT. 4
IN OPEN COURT

JUL 12 2016

PIERCE COUNTY, Clerk
By_____
        DEPUTY

**HONORABLE VERONICA ALICEA GALVÁN**
Hearing Date: August 16, 2018
Without Oral Argument

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

AMELIE M. CHALAL, an individual,

                    Plaintiff,

vs.

CRAIG R. MALKE, an individual,

                    Defendant.

Case No. 17-2-18821-2 SEA

**ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE BRADLEY PROBST**

THIS MATTER comes before the Court upon Plaintiff's Motion to Exclude Bradley Probst. The Court has reviewed the court file and pleadings submitted, including the following:

1. Plaintiff's Motion for to Exclude Bradley Probst;

2. Declaration of Joseph W. Moore with exhibits;

3. Defendant's Response

4. Declaration of Joseph Kopta

5. Plaintiff's Reply

The COURT hereby FINDS that:

Mr. Probst's opinions exceed his qualifications as he intends to testify as to the causes, or lack of cause, of Plaintiff's injuries.

ORDER GRANTING PLAINTIFF'S MOTION
TO EXCLUDE BRADLEY PROBST
Case No. 17-2-18821-2 SEA
Page 1 of 2

**MOORE LAW GROUP, PLLC**
2722 Colby Avenue, Suite 607
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

ORDERS059

1    Mr. Probst's opinions are inadmissible under ER 702, as they are unhelpful to the trier of

2 fact.

3    Mr. Probst's opinions are inadmissible under ER 403 as they are unfairly prejudicial,

4 confusing, and likely to mislead the jury.

5

6 The COURT therefore ORDERS as follows:

7    Plaintiff's motion to exclude Bradley Probst is **GRANTED**.

8

9    DONE in open court this _____ day of August, 2018.

10

11                                     HONORABLE VERONICA ALICEA GALVÁN

12

13 MOORE LAW GROUP

14

15 Joseph W. Moore, WSBA No. 44061
   Attorney for Plaintiff

16

17 Approved as to form;
   Notice of Presentation Waived By:

18

19 KOPTA & MACPHERSON

20

21 Joseph R. Kopta, WSBA No. 17682

22 James E. Macpherson, WSBA No. 8952
   Attorneys for Defendant

23

24

25

ORDER GRANTING PLAINTIFF'S MOTION                    **MOORE LAW GROUP, PLLC**
TO EXCLUDE BRADLEY PROBST                            2722 Colby Avenue, Suite 607
**Case No. 17-2-18821-2 SEA**                        Everett, WA 98201
Page 2 of 2                                          P: (425) 998-8999 / F: (425) 903-3638

                        ORDERS060